PROB 12C
(6/16)

Report Date:  June 27, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jun 28, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Douglas Alen Olson          Case Number: 0980 2:16CR00061-RMP-2

Address of Offender: ███████████████ Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: July 7, 2017

| | |
|---|---|
| Original Offense: | Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) |
| Original Sentence: | Prison - 48 Months; TSR - 60 Months |
| Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard |
| Date Supervision Commenced: August 16, 2019 |
| Defense Attorney: | Amy H. Rubin |
| Date Supervision Expires: August 15, 2024 |

## PETITIONING THE COURT

To **issue a WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 03/17/2023.

On August 19, 2019, Mr. Douglas Olson signed his conditions relative to case number 2:16CR00061-RMP-2, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence**: Mr. Olson is alleged to have violated standard condition number 13 on June 27, 2023, by refusing a directive to report to the U.S. Probation Office on either June 27 or 28, 2023, as instructed by the undersigned officer.

Specifically, on June 26, 2023, the undersigned officer received notification from the contract urinalysis testing provider, Pioneer Human Services (PHS), that the client had failed to appear for random urinalysis testing with their agency on June 23, 2023, when his assigned color was called.

In response to the information received, the undersigned officer sent a text message to the client at 1:51 p.m. advising of the notification and inquiring about the missed appointment.

At 3:15 p.m., the undersigned officer contacted the client telephonically given the client's failure to respond to the text message. Mr. Olson was directed to report for urinalysis testing at the U.S. Probation Office on the day in question due to the missed appointment, but subsequently indicated he could not do so, as he was "up north" and could not make it to the U.S. Probation Office prior to close of business.

Mr. Olson was then directed to report the following day, June 27, 2023, at 8 a.m., to which he committed. Mr. Olson subsequently failed to report to the U.S. Probation Office in a timely manner and instead arrived at approximately 8:55 a.m., a time when the undersigned officer was unavailable to meet with him. Mr. Olson provided a negative urinalysis sample and departed the office.

Following this officer's previous committed engagement, this officer again attempted contact with the client by both voice mail and text message. The client subsequently responded using text messaging and advised he had already reported as directed. Mr. Olson was directed to report back to the U.S. Probation Office for sweat patch application, as this was this officer's intent when previously scheduling his office visit. Instead, Mr. Olson refused to do so, even after this officer afforded the client the opportunity to report the following day at 9:30 a.m., to allow for him to complete his stated work shift. The client, both through a text message and a brief phone call, expressed his frustration with the undersigned officer, indicating that this officer was in fact not here to help him and he did not need this officer making any more problems for him. The client further stated that he would not be wearing any "stupid a** patchello," seemingly referring to the sweat patch referenced by the undersigned officer.

The client stated, and later emphatically clarified, that he was refusing to report either today or tomorrow for sweat patch application as directed, stating he was aware that the undersigned officer would likely "violate" him for the conduct and he sarcastically encouraged this officer to go ahead and "destroy his life."

3    **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Olson is alleged to have violated special condition number 5 by failing to report for random urinalysis testing when his assigned color was called by the contract provider, Pioneer Human Services (PHS), on May 30, June 23 and 26, 2023.

Specifically, on May 31, 2023, the undersigned officer received notification from the contract urinalysis testing provider (PHS) that the client had failed to attend random urinalysis testing when his assigned color was called on May 30, 2023. The undersigned officer contacted the client on the day in question who apologized for the conduct and indicated that he must have forgotten to call. Mr. Olson reported to the U.S. Probation Office on the day in question and submitted a urinalysis sample that returned negative for all substances.

On June 26, 2023, the undersigned officer received notification from the contract provider that the client failed to attend urinalysis testing with PHS on June 23, 2023. Mr. Olson was contacted on the day in question at 3:15 p.m., and indicated he had been extremely busy and when he had returned home on Friday, he had fallen asleep. Mr. Olson was directed to report

**Prob12C**
**Re: Olson, Douglas Alen**
**June 27, 2023**
**Page 3**

on the day in question for urinalysis testing, although he indicated his inability to do so, stating he could not make it to the U.S. Probation Office by the close of business because he was "up north." Mr. Olson was directed to report at 8 a.m. the following day for urinalysis testing.

On June 27, 2023, at approximately 8:55 a.m., Mr. Olson reported to the U.S. Probation Office at a time when this officer was not available and provided a negative urinalysis sample, and then departed the office. Contact was made with Mr. Olson later in the day to again schedule a time for sweat patch application. Mr. Olson indicated that he would not be reporting for sweat patch application as directed.

On June 27, 2023, the undersigned officer received notification from PHS that the client failed to report for urinalysis testing with their agency on June 26, 2023, when his assigned color was called.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     June 27, 2023

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[  ]  No Action
[  ]  The Issuance of a Warrant
[ x ]  The Issuance of a Summons
[ x ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ x ]  Defendant to appear before the Judge assigned to the case.
[  ]  Defendant to appear before the Magistrate Judge.
[  ]  Other

Signature of Judicial Officer

6/28/2023

Date